UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

    Plaintiff,

v.                                                    Case No:   2:16-cv-190-FtM-99MRM

THE DUKE, LLC and FABIO
BONIFACIO,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants The Duke, LLC and Fabio Bonifacio's Motion to Dismiss (Doc. #13) filed on April 14, 2016.  Plaintiff Edward Santana filed a Response in Opposition (Doc. #14) on April 15, 2016.  The matter is ripe for review.

### **Background**

This is an employment action.  In early February 2016, Defendants hired Plaintiff as a server for their restaurant.  (Doc. #25 at 5).  Plaintiff began working immediately.  Less than two weeks into the job, Plaintiff "verbally complained to Defendants about . . . minimum wage violations in regards to unpaid wages and uniform/maintenance cost reimbursement."  (Doc. #25 at 6).  Sometime later, another employee alerted Plaintiff that she overheard employees telling Defendant Bonifacio "that Plaintiff had previously sued other restaurants under the FLSA in regards to unpaid wages and retaliation."  (Doc. #25

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

at 6). The next day, Plaintiff decided to present Defendant Bonifacio with a "typed letter . . . demanding payment of unpaid wages . . . and reimburse[ment] . . . for all of his mandatory uniform and maintenance costs." (Doc. #25 at 6). When Plaintiff arrived for his next shift, Defendant Bonifacio alerted him that he had been fired. The parties then got into an altercation, which resulted in Plaintiff being arrested. (Doc. #25 at 8-9). Plaintiff alleges that these acts all resulted from his refusal to engage in "Defendants' unlawful employment practices." (Doc. #25 at 10). Therefore, Plaintiff asserts seven counts in this action – Violation of the Fair Labor Standards Act (Count 1); Retaliation in Violation of 29 U.S.C. § 215(a)(3) (Count 2); Violation of Florida's Labor Laws (Count 3); Retaliation in Violation of Florida's Labor Laws (Count 4); Defamation (Count 5); False Imprisonment (Count 6); and False Arrest (Count 7). (Doc. #25 at 10-27).

## Discussion

Defendants argue that this action should be dismissed because Plaintiff lied on his affidavit for indigency and failed to disclose settlements that he received from other litigation. In support, Defendants highlight that Plaintiff is a well-known serial litigant, who makes his living off of suing restaurants and bars for various "violations." According to Defendants, although Plaintiff claims that he is indigent, and therefore qualified to proceed in this and other actions without paying any fees, Plaintiff failed to update his financial status and disclose at least one settlement after he filed this action. Therefore, Defendants believe this action should be dismissed, or, at a minimum, Plaintiff should be required to file an updated financial affidavit. The Court disagrees.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow the commencement and prosecution of any civil suit or action, without prepayment of fees, by a person who

submits an affidavit asserting that they are unable to pay such fees. In this action, Plaintiff filed a motion to proceed *in forma pauperis*, along with an accompanying financial affidavit. (Doc. #2). The Honorable Mac R. McCoy granted Plaintiff's motion, finding Plaintiff was indigent and therefore qualifies to proceed *in forma pauperis*. (Doc. #4). The only thing that has changed since that time, according to Defendants, is an increase of $1450. Defendants determined this increase by comparing the financial affidavit Plaintiff provided in this action with another financial affidavit Plaintiff provided in a second employment action. Plaintiff insists that he did not fail to disclose any monies in his affidavit, but rather received a settlement from a third action the day after he filed his financial affidavit in this action. On these facts, the Court finds that Plaintiff was not attempting to misrepresent his finances or mislead the Court. Therefore, Defendants' Motion to Dismiss is denied.

Accordingly, it is now

**ORDERED:**

1. Defendants The Duke, LLC and Fabio Bonifacio's Motion to Dismiss (Doc. #13) is **DENIED**.

2. Plaintiff shall update the Court as to any monies received in the future that might affect his indigent status. Failure to do so could result in sanctions.

**DONE** and **ORDERED** in Fort Myers, Florida, this 11th day of July, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record