UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

    Plaintiff,

v().                                       Case No:   2:16-cv-190-FtM-99MRM

THE DUKE, LLC and FABIO
BONIFACIO,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    On June 3, 2016, the Court granted the Motion to Withdraw by Brennan, Manna & Diamond, P.L. as Counsel for Defendants, The Duke, LLC d/b/a Fabio Trattoria Ristorante and Fabio Bonifacio (Doc. 22). (Doc. 27 at 3 ¶ 1). In granting the Motion to Withdraw, the June 3, 2016 Order specified that Defendant Fabio Bonifacio was permitted thirty (30) days from the date of the Order to secure new counsel and have counsel file a notice of appearance, or to notify the Court that he intends to proceed *pro se*. (*Id.* at 4). The Court warned Defendant Fabio Bonifacio that failure to have new counsel file a notice of appearance, or to notify the Court of his intent to proceed *pro se*, would cause the Court to recommend that a default be entered against him. (*Id.*).

    Similarly, the Court permitted Defendant The Duke, LLC to have thirty (30) days from the date of the Court's Order to secure new counsel and have counsel file a notice of appearance. (*Id.* at ¶ 5). If The Duke, LLC failed to have new counsel file a notice of appearance, the Court warned that it would recommend that a default be entered against Defendant. (*Id.* at 4-5 ¶ 5).

Additionally, the Court ordered both Fabio Bonifacio and The Duke, LLC to file a response to Plaintiff's First Amended Complaint. (*Id.*). The Court further warned Defendants that failure to file a response to Plaintiff's First Amended Complaint was grounds for the Court to recommend that a default be entered. (*Id.*).

On July 11, 2016, because Defendants Fabio Bonifacio and The Duke, LLC had failed to notify the Court as required by the June 3, 2016 Order and had failed to file a response to Plaintiff's Amended Complaint, the Court ordered Defendants to show good cause for their failure to comply with the Court's June 3, 2016 Order. (Doc. 31 at 2).

On August 3, 2016, the Court received an email from Fabio Bonifacio, which the Court construed as Defendants' Response to the Court's Order to Show Cause (Doc. 31). In that Response, Mr. Bonifacio stated that he had returned to Italy for a health issue. (Doc. 35 at 1). The Court noted at that time, however, that Mr. Bonifacio and The Duke, LLC still had not complied with the Court's June 3, 2016 Order regarding new counsel, nor had either Defendant responded to Plaintiff's First Amended Complaint. (Doc. 36 at 1). Notwithstanding that failure, based on Defendants' attempted Response to the Order to Show Cause (Doc. 35), the Court allowed Mr. Bonifacio and The Duke, LLC one final opportunity to comply with the Court's Orders. (*Id.*).

The Court ordered that no later than September 12, 2016, Fabio Bonifacio must secure new counsel and have counsel file a notice of appearance, or he must notify the Court through an appropriate Court filing that he intends to proceed *pro se*. (Doc. 36 at 2 ¶ 1). Further, the Court ordered that no later than September 12, 2016, The Duke, LLC must secure new counsel and have counsel file a notice of appearance. (*Id.* ¶ 2). Moreover, the Court ordered that no later than September 12, 2016, both Fabio Bonifacio and The Duke, LLC must file a response to

Plaintiff's First Amended Complaint. (*Id.* at ¶ 3). The Court warned that failure to comply with its Order would cause the Court to recommend that a default be entered against either Defendant. (*Id.* at ¶ 4).

On August 16, 2016, the Court entered an Order concerning an additional email Fabio Bonifacio sent to the Undersigned's chambers email account on August 10, 2016. (Doc. 38 at 1). The Court suspected that Fabio Bonifacio may have attempted – by way of that email – to "answer" the Complaint. (*Id.* at n.1). The Court, however, did not construe the email to be a proper answer to Plaintiff's First Amended Complaint, nor did it construe the email as requiring any further action by the Court. (*Id.* at 1). Additionally, the Court's August 16, 2016 Order provided instructions to Mr. Bonifacio about proceeding in this action *pro se* and further directed Mr. Bonifacio to refrain from sending emails to the Undersigned's chambers email account. (*Id.* at 1-3). The Court also noted that Mr. Bonifacio had not yet complied with this Court's August 9, 2016 Order (Doc. 36). (*Id.* at ¶ 4). The Court reminded Mr. Bonifacio that he must comply with the August 9, 2016 Order no later than September 12, 2016 and that failure to do so would cause the Court to recommend that a default be entered against the Defendants. (*Id.*).

At this time, neither Defendant has notified the Court as required by the June 3, 2016 and August 3, 2016 Orders. Moreover, neither Defendant has filed a response to Plaintiff's First Amended Complaint.

While defaults are disfavored because of the strong policy of determining cases on their merits, *Claytor v. Mojo Grill and Catering Co. of Beleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. April 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)), the Court has the authority to enter defaults and default judgments "'for failure . . . to comply with its orders or rules of procedure.'" *Suarez v. Don Pan*

*Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  In this case, Defendants have failed to comply with two Court Orders (Docs. 27 and 36) despite being afforded opportunities to do so.  At this point, based upon Defendants' failures to comply, the Undersigned recommends that defaults be entered against both Defendants.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED:**

That the Clerk of Court be directed to enter defaults against Defendants The Duke, LLC and Fabio Bonifacio for failure to comply with the Court's Orders.

Respectfully recommended in Chambers in Fort Myers, Florida on September 21, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties