UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

       Plaintiff,

v.                                                           Case No: 2:16-cv-190-FtM-99MRM

THE DUKE, LLC and FABIO
BONIFACIO,

       Defendants.
_____/

### ORDER[1]

This matter comes before the Court on United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #41) filed on September 21, 2016, recommending that the Court enter default against *pro se* Defendants Fabio Bonifacio and The Duke, LLC for failure to comply with this Court's Orders to obtain counsel. No objections have been filed and the time to do so has now expired. The matter is ripe for review.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. See *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district judge must review legal conclusions *de novo,* even in the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

absence of an objection.  See *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)

After careful consideration of the Report and Recommendation and an independent review of the file, the Court adopts, accepts, and approves the Report and Recommendation and finds that the entry of default against the Defendants is appropriate.  The Court notes that the *pro se* Defendants have been afforded ample opportunity to obtain new counsel to defend this action, and given more than sufficient forewarning that default would be entered against them if they failed to do so.  Therefore, the Court agrees that defaults should be entered for failure to comply with this Court's orders.

However, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are *not* admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (emphasis added).  Thus, even where a default judgment is warranted, the Court may first hold a hearing for the purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  "The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. The default is entered upon the defendant's failure to plead or otherwise defend, Fed. R. Civ. P. 55(a), but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered.  See Rule 55(b)(2)'" *Smyth*, 420 F.3d at 1231-

32 (quoting *Lowe v. McGraw-Hill Cos.,* 361 F.3d 335, 339-40 (7th Cir. 2004)) (emphasis added). However, such a hearing is not necessary if the record contains sufficient evidence to support the request for damages. *Id.* at 1232 n.13.

In this case for minimum wage violations and retaliation under the Fair Labor Standards Act (FLSA), the only evidence of Plaintiff *pro se* Edward Santana's damages and costs are those listed in his Answers to the Court's Interrogatories, which the Court notes were declared under the penalty of perjury as true and correct.[2] (Doc. #26). While proof of damages in FLSA cases "may be put forth by affidavit averments alone, the Court is not required to accept such evidence unquestioningly." *Roberts v. Lee A. Stephens Security, Inc.*, 2007 WL 2579599 at *1 (M.D. Fla. May 10, 2007) (internal citations omitted). Thus, the Court withholds entry of final default judgment pending the outcome of a damages determination.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Report and Recommendation (Doc. #41) is **ACCEPTED and ADOPTED** and the findings are incorporated herein.

2. The Court enters default against the Defendants but **RESERVES RULING** on final default judgment.

3. The issue of default final judgment will be set by separate order of the Magistrate Judge who will conduct whatever proceedings are required to render a Report and Recommendation on damages, attorney's fees, and costs.

---

[2] Plaintiff did file a "Damages Statement" (Doc. #21), but the Court notes that this is duplicative of his Answers to the Court's Interrogatories.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of October, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record
Judge Mac R. McCoy